IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrice Elizabeth,[1] ) | C/A No.: 3:25-11244-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Carvana LLC; Bridgecrest Credit ) | |
| Company, LLC; and DriveTime ) | |
| Automotive Group, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Patrice Elizabeth Grant ("Plaintiff"), proceeding pro se, filed this amended complaint against Carvana LLC ("Carvana"), Bridgecrest Credit Company LLC ("Bridgecrest"), and DriveTime Automotive Group, Inc. ("DriveTime") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.  Factual and Procedural Background

In the space for statement of the claim, Plaintiff states:

---

[1] Plaintiff's original complaint listed her name as "Patrice Elizabeth Grant, living indigenous woman, executor of maternal estate, operating in private capacity."

> Plaintiff, by:Patrice-elizabeth, proceeding in full trust jurisdiction, brings this complaint for remedy against commercial actors who concealed financial instruments, orchestrated unlawful seizure of trust property, and inflicted emotional & spiritual upon plaintiff & minor son. On August 8, 2025, Plaintiff's trust automobile was seized without lawful remedy. On August 22, 2025, it was sold. Plaintiff was forced to take public transportation, missed her family reunion and suffered humiliation, trauma, and obstruction of remedy. DriveTime concealed its role as originator. Carvana and Bridgecrest acted w/out full disclosure. Plaintiff transmitted cease and desist notices & affidavits of demand no accounting provided. Under equity law, unrebutted affidavits stand as truth.

[ECF No. 14 at 5]. Plaintiff alleges she is the "original creditor" and "secured party" concerning the "trust automobile." [ECF No. 14-3 at 2]. In an attachment,[2] Plaintiff also states:

> My early communications with the defendants occurred prior to the full ceremonial establishment and spiritual activation of my ecclesiastical trust. At that time, I was in transition—awakening to my private standing and preparing to reclaim full jurisdiction. My trust was formally sealed and spiritually anchored in late 2024, marking the beginning of all transmissions issued in full private capacity under ecclesiastical trust authority.

*Id.*[3]

---

[2] Plaintiff titles this documents as a Supplemental Affidavit of Fact, but it is neither sworn under penalty of perjury, nor notarized.

[3] Plaintiff provides no documentation of a valid trust and the contract documents she submitted list only Plaintiff as an individual. If a legal trust is truly the correct party in this case, the case is subject to summary dismissal because she cannot proceed pro se on behalf of a trust. *See Carter v. Capital One*, No. 3:20-684-FDW-DSC, 2021 WL 3376829, at *5 (W.D.N.C. Aug. 3, 2021) (discussing 28 U.S.C. § 1654, cases finding non-attorney trustees may not represent trusts pro se, and Fourth Circuit precedent holding that non-attorneys do not have a right to litigate on behalf of others and stating "Here, Plaintiff is litigating on behalf of another party not present and—by virtue of

Plaintiff alleges the vehicle was unlawfully seized in New York on August 8, 2025. [ECF No. 14-3 at 2]. Given the allegations in the original complaint, it appears Plaintiff is alleging the vehicle was unlawfully repossessed.[4] Plaintiff seeks monetary damages. [ECF No. 14 at 5].

II.  Discussion

    A.  Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim

---

not being a licensed attorney—she endangers the rights of the Trust and its beneficiaries whom she represents. Taking into consideration the numerous other Circuit Court decisions and the Fourth Circuit's concerns for protecting the rights of those before the court, this Court finds Plaintiff has not met her burden in showing a trust may be represented by a non-attorney trustee.").

[4] Plaintiff's original complaint alleged Bridgecrest began demanding payments and claims the "role-switching and concealment of assignment" constitutes "fraudulent inducement, contractual misdirection, and obstruction of remedy." *Id.* She claimed All About Automotive II, "aided by NYPD officers," unlawfully seized the car, resulting in injuries. *Id.*

3

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1. Lack of Subject Matter Jurisdiction

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and

based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1. Lack of Subject Matter Jurisdiction

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and

a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. Plaintiff specifically indicates jurisdiction in this case is based on federal question jurisdiction and did not complete the blanks on the form complaint related to diversity jurisdiction.

However, Plaintiff fails to show the case is one "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. However, in the space for her to provide the statute or constitutional provisions at issue in this case, Plaintiff states "private trust jurisdiction—equity law—indigenous authority—No submission to public codes or statutory jurisdiction." [ECF No. 14 at 3]. Plaintiff's failure to cite any valid federal law is fatal to her assertion of federal question jurisdiction, and she has not provided another basis for jurisdiction.

2. Failure to State a Claim

Even if Plaintiff had alleged facts showing jurisdiction in this case, she has failed to meet the minimal standards for filing a complaint. Pursuant to

5

Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Here, Plaintiff claims defendants "concealed financial instruments," but provides no allegations as to any document to which she was entitled but was not provided. [ECF No. 14 at 5]. She similarly alleges she "signed under duress," but provides no factual allegations showing she was under duress. [ECF No. 14-3 at 2]. In a document she labels as Exhibit D, Plaintiff cites Wikipedia as providing the relationship between the defendants and appears to allege DriveTime concealed its relationship with Carvana and Bridgecrest [ECF No. 14-5 at 11]. However, she cites to no legal authority requiring disclosure or showing such lack of disclosure violated a law. Therefore, Plaintiff has failed to set forth a statement showing she is entitled to relief.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge summarily dismiss this matter without leave for further amendment.

IT IS SO RECOMMENDED.

October 20, 2025                             Shiva V. Hodges
Columbia, South Carolina           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).